# IN THE COURT OF APPEALS OF IOWA

No. 21-0829
Filed August 18, 2021

**IN THE INTEREST OF C.B.,**
**Minor Child,**

**C.B., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Dean A. Fankhauser of Vriezelaar, Tigges, Edgington, Bottaro, Boden & Lessman, L.L.P., Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Michelle M. Hynes of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

A father appeals the termination of his parental rights to his child, C.B. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Those steps include: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interest, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

Because the father only appeals the juvenile court's best-interest determination, we limit our review to that step. When making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2) (2009)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

The father argues termination is not in C.B.'s best interest because of their close bond, his ability to provide long-term care for C.B., and his overall progress. We disagree. At the time of the termination hearing, the father was unemployed and living in an AmericInn motel. He did not consistently attend his weekly

visitation with C.B.  And he struggles with methamphetamine abuse.  A recent family-centered services progress report noted:

> Honesty and being forthcoming appears to be a struggle for [the father].  [The father] is reportedly associating with other active drug users and possibly living [with] and dating a female that uses.  There are continued concerns of [the father] possibly using drugs.  When [the father] has been present for visits, he struggles with paranoia, anxiousness and heavy sweating[,] which leads [the caseworker] to believe [the father] is either coming down from using or is under the influence.  [The father] has been challenged on his excuses for inconsistency with treatment or reasons for not going to inpatient treatment.

From this information, and our de novo review of the record as a whole, we conclude the father cannot provide a safe and nurturing home for two-year-old C.B., either immediately or in the long-term.  And any bond between the father and C.B. is not strong enough for us to overlook the safety risks the father poses.  Termination is in C.B.'s best interest.

We affirm without further opinion.  Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**